ELDER, Judge, with whom BENTON, Judge, joins, dissenting.

For the reasons stated in the majority opinion of the panel decision I would reverse appellant's conviction.

473 S.E.2d 85

**Joseph Franklin McBRIDE**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0774–95–1.**

Court of Appeals of Virginia,
Norfolk.

July 23, 1996.

Baker, J., filed a dissenting opinion.

Robert E. Frank, Norfolk, for appellant.

Monica S. McElyea, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BAKER and ANNUNZIATA, JJ., and HODGES, Senior Judge.

HODGES, Senior Judge.

Joseph Franklin McBride (appellant) was convicted of robbery and use of a firearm in the commission of robbery. On appeal, appellant contends that the evidence was insufficient to sustain the firearm conviction. We disagree and affirm the conviction.

## I.

On October 11, 1994, Michael Doyle, manager of Doyle Bedding and Furniture in Norfolk, arrived at the store at 10:00 a.m. At around 11:00 a.m., Doyle saw a man standing across the street, holding what appeared to be a baby. A few minutes later, as Doyle was on the floor assembling a love seat, he saw the man walking down the sidewalk toward the store's front door. He then heard the bell on that door ring as the door opened.

Doyle felt the man sit down beside him on the love seat and "push" something "up against [his] back." Three times the assailant said, "Don't turn around or I'll shoot." At trial, Doyle testified that he never saw a gun.

Doyle was instructed to lie on the floor. The robber asked if Doyle had a gun or if anyone else was in the store. He then tied Doyle's hands behind him with wire. At that time, a second person came into the store. Doyle could hear the second person "rifling through" the front desk. The robber took cash, credit cards, and a wallet from Doyle. When the robber left the store, Doyle saw a blanket and plastic bottle which had not been there previously.

Detectives investigating the robbery discovered a plastic three liter soda bottle which had "balled up" newspapers in a plastic bag taped to its top. They also found a pink, blue and black blanket, and speaker wire. A finger and palm print belonging to appellant were discovered on the newspaper. The police executed a search warrant at appellant's apartment and discovered several credit cards belonging to Doyle in a man's shoe in a bedroom.

II.

The issue presented on appeal is whether the evidence was sufficient to prove that appellant was guilty of use of a firearm in the commission of robbery.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Martin v. Commonwealth,* 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987). Moreover, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Coleman v. Commonwealth,* 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), *cert. denied,* 465 U.S. 1109, 104 S.Ct. 1617, 80 L.Ed.2d 145 (1984). *See Johnson v. Commonwealth,* 2 Va.App. 598, 604–05, 347 S.E.2d 163, 167 (1986) (circumstantial evidence alone sufficient to sustain conviction).

In *Yarborough v. Commonwealth,* 247 Va. 215, 441 S.E.2d 342 (1994), the Virginia Supreme Court held that to prove the offense of use of a firearm, pursuant to Code § 18.2–53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies." *Yarborough,* 247 Va. at 218, 441 S.E.2d at 344 (footnote omitted). The Court stated that possession of a firearm is an "essential element" of the offense. *Id.* at 219, 441 S.E.2d at 344.

Yarborough, in robbing his victim, said, "This is a stickup," and demanded all her money. The victim did not see a gun but testified that she thought there was a gun in Yarborough's pocket. *Id.* at 216–17, 441 S.E.2d at 343. Shortly after the robbery, the police apprehended Yarborough and discovered an unopened beer can in his pocket but no weapon. *Id.* at 217, 441 S.E.2d at 343.

Within four months of the release of the *Yarborough* opinion, the Supreme Court awarded an appeal in *Johnson v.*

*Commonwealth* (Record No. 940606). In *Johnson,* the victim was awakened by the sound of the doorbell ringing and loud knocking on his door. When he went to his door, he saw it break open. A hand came through the opening, and the victim heard a man tell him that he had a gun. Johnson told the victim to get down on the floor or he would kill him. The victim testified that he never saw a gun and never felt one. The Commonwealth conceded at trial that the only evidence that Johnson had a gun was Johnson's statement that he did. The trial court found that Johnson had a gun.

On appeal to the Virginia Supreme Court, Johnson argued, *inter alia,* that under *Yarborough,* the evidence was insufficient to sustain his conviction for use of a firearm in the commission of robbery. The Commonwealth distinguished *Yarborough,* noting that Johnson expressly claimed to have a gun and threatened to use it, whereas in *Yarborough,* no such claims were made. The Commonwealth argued that Johnson's conviction was based on his "assertive conduct and representations that he possessed a gun."

 The Supreme Court, by unpublished order, affirmed the judgment of the trial court.[1] The affirmance in *Johnson* clearly stands for the proposition that circumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm.

In *Elmore v.Commonwealth,* 22 Va.App. 424, 470 S.E.2d 588 (1996), we affirmed the conviction for use of a firearm in the commission of robbery where the victim, a bank teller, testified that Elmore gave her a note stating that he had a gun, then said he did not want to hurt anyone and pointed to his pocket. We noted that the evidence in *Elmore* consisted of "more than the victim's mere belief or perception that the defendant had a gun" and concluded that the evidence was "sufficient to prove beyond a reasonable doubt that the defen-

---

1. The order is dated October 21, 1994.

dant actually possessed a firearm and used it in a threatening manner." *Id.* at 429–30, 470 S.E.2d at 590.

## III.

■ Here, appellant actually "pushed" an object into the victim's back and told him he would "shoot" if the victim did not cooperate. While appellant did not explicitly state that he had a gun, the clear inference to be drawn from his threat to "shoot," is that he did have a gun.

The circumstantial evidence, considered as a whole and viewed in the light most favorable to the Commonwealth, excluded all reasonable hypotheses of innocence and is therefore sufficient to support the trial court's finding of guilt.

We affirm the judgment of the trial court.

*Affirmed.*

BAKER, Judge, dissenting.

I respectfully disagree that *Yarborough v. Commonwealth,* 247 Va. 215, 441 S.E.2d 342 (1994), does not require proof that the accused "actually had a firearm" and, therefore, I would reverse the conviction for use of a firearm.