Tuesday        22nd

April, 1997.


Joseph Franklin McBride,                                    Appellant,

 against        Record No. 0774-95-1
                Circuit Court No. 942675F12C

Commonwealth of Virginia,                                   Appellee.


Upon Rehearing En Banc

Before Chief Judge Moon, Judges Baker, Benton, Coleman,
    Willis, Bray, Fitzpatrick, Annunziata and Overton


        Robert E. Frank for appellant.

        Margaret Ann B. Walker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        By opinion dated July 23, 1996, a majority of a panel of
this Court affirmed the decision of the trial court.  McBride v.
Commonwealth, 22 Va. App. 730, 473 S.E.2d 85 (1996).  Upon motion of
Joseph Franklin McBride, we granted a hearing en banc.  Upon such
rehearing, the judgment of the trial court is affirmed.  We adopt as
the opinion of this Court en banc the following from the panel
opinion.  In view of the Supreme Court's refusal to grant a writ in
Byers v. Commonwealth, 23 Va. App. 146, 474 S.E.2d 852 (1996), Judge
Baker, who dissented from the panel opinion, concurs with the majority
opinion.

        Joseph Franklin McBride (appellant) was convicted of robbery
and use of a firearm in the commission of robbery.  On appeal,
appellant contends that the evidence was insufficient to sustain the
firearm conviction.  We disagree and affirm the conviction.

I.

On October 11, 1994, Michael Doyle, manager of Doyle Bedding and Furniture in Norfolk, arrived at the store at 10:00 a.m.  At around 11:00 a.m., Doyle saw a man standing across the street, holding what appeared to be a baby.  A few minutes later, as Doyle was on the floor assembling a love seat, he saw the man walking down the sidewalk toward the store's front door.  He then heard the bell on that door ring as the door opened.

Doyle felt the man sit down beside him on the love seat and "push" something "up against [his] back."  Three times the assailant said, "Don't turn around or I'll shoot."  At trial, Doyle testified that he never saw a gun.

Doyle was instructed to lie on the floor.  The robber asked if Doyle had a gun or if anyone else was in the store.  He then tied Doyle's hands behind him with wire.  At that time, a second person came into the store.  Doyle could hear the second person "rifling through" the front desk.  The robber took cash, credit cards, and a wallet from Doyle.  When the robber left the store, Doyle saw a blanket and plastic bottle which had not been there previously.

Detectives investigating the robbery discovered a plastic three liter soda bottle which had "balled up" newspapers in a plastic bag taped to its top.  They also found a pink, blue and black blanket, and speaker wire.  A finger and palm print belonging to appellant were discovered on the newspaper.  The police executed a search warrant at appellant's apartment and discovered several credit cards belonging to Doyle in a man's shoe in a bedroom.

II.

The issue presented on appeal is whether the evidence was sufficient to prove that appellant was guilty of use of a firearm in the commission of robbery.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Moreover, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984). See Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986) (circumstantial evidence alone sufficient to sustain conviction).

In Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), the Virginia Supreme Court held that to prove the offense of use of a firearm, pursuant to Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies." Yarborough, 247 Va. at 218, 441 S.E.2d at 344 (footnote omitted). The Court stated that possession of a firearm is an "essential element" of the offense. Id. at 219, 441 S.E.2d at 344.

Yarborough, in robbing his victim, said, "This is a stickup," and demanded all her money. The victim did not see a gun

but testified that she thought there was a gun in Yarborough's pocket. Id. at 216-17, 441 S.E.2d at 343. Shortly after the robbery, the police apprehended Yarborough and discovered an unopened beer can in his pocket but no weapon. Id. at 217, 441 S.E.2d at 343.

Within four months of the release of the Yarborough opinion, the Supreme Court awarded an appeal in Johnson v. Commonwealth (Record No. 940606). In Johnson, the victim was awakened by the sound of the doorbell ringing and loud knocking on his door. When he went to his door, he saw it break open. A hand came through the opening, and the victim heard a man tell him that he had a gun. Johnson told the victim to get down on the floor or he would kill him. The victim testified that he never saw a gun and never felt one. The Commonwealth conceded at trial that the only evidence that Johnson had a gun was Johnson's statement that he did. The trial court found that Johnson had a gun.

On appeal to the Virginia Supreme Court, Johnson argued, inter alia, that under Yarborough, the evidence was insufficient to sustain his conviction for use of a firearm in the commission of robbery. The Commonwealth distinguished Yarborough, noting that Johnson expressly claimed to have a gun and threatened to use it, whereas in Yarborough, no such claims were made. The Commonwealth argued that Johnson's conviction was based on his "assertive conduct and representations that he possessed a gun."

The Supreme Court, by unpublished order, affirmed the judgment of the trial court.[1] The affirmance in Johnson clearly stands for the proposition that circumstantial evidence, such as an

---

[1]The order is dated October 21, 1994.

assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm.

In Elmore v.Commonwealth, 22 Va. App. 424, 470 S.E.2d 588 (1996), we affirmed the conviction for use of a firearm in the commission of robbery where the victim, a bank teller, testified that Elmore gave her a note stating that he had a gun, then said he did not want to hurt anyone and pointed to his pocket.  We noted that the evidence in Elmore consisted of "more than the victim's mere belief or perception that the defendant had a gun" and concluded that the evidence was "sufficient to prove beyond a reasonable doubt that the defendant actually possessed a firearm and used it in a threatening manner."  Id. at 429-30, 470 S.E.2d at 590.

### III.

Here, appellant actually "pushed" an object into the victim's back and told him he would "shoot" if the victim did not cooperate.  While appellant did not explicitly state that he had a gun, the clear inference to be drawn from his threat to "shoot," is that he did have a gun.

The circumstantial evidence, considered as a whole and viewed in the light most favorable to the Commonwealth, excluded all reasonable hypotheses of innocence and is therefore sufficient to support the trial court's finding of guilt.

We affirm the judgment of the trial court.  Accordingly, the stay of this Court's July 23, 1996 mandate is lifted.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to

counsel's costs and necessary direct out-of-pocket expenses.  This amount shall be added to the costs due the Commonwealth in the July 23, 1996 mandate.

_____

Benton, J., with whom Coleman, J., joins, dissenting.

Relying upon an unpublished order from the Supreme Court, which summarily states that "[u]pon consideration of the record, briefs and argument of counsel, the [Supreme] Court is of the opinion that there is no error in the judgment appealed from," Johnson v. Commonwealth, No. 940606 (Va. Oct. 21, 1994), the majority today adopts a rule of law contrary to the published decision in Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994).  I dissent.

In Yarborough, the Supreme Court reversed this Court's decision upholding a conviction under Code § 18.2-53.1 for the use of a firearm in the commission of a felony.  See 247 Va. at 219, 441 S.E.2d at 344.  The Supreme Court held that "to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm . . . while committing . . . robbery."  Id. at 218, 441 S.E.2d at 344 (emphasis added).  The evidence in Yarborough proved the following:

> As Konchal approached the driveway of the condominium complex, Yarborough ran past her.  Shortly thereafter, Yarborough reappeared and ran directly toward her.  As Yarborough approached Konchal, he said, "This is a stickup[;] give me all your money."  Konchal said, "What?" and tried to walk past him.  Yarborough, however, blocked Konchal and said, "No, this is a stickup[;] give me all your money."

According to Konchal, when Yarborough moved toward her, "[b]oth [of Yarborough's] hands were in his pockets." She saw "something protruding . . . from his right hand pocket of his jacket," and she "thought [there] was a gun in his pocket." Konchal then opened her purse, reached in, and handed Yarborough three twenty dollar bills from her wallet. Yarborough, using his left hand, reached into Konchal's purse and took two one dollar bills. Yarborough then fled in the direction of a nearby subway (or Metro) station, and Konchal immediately reported the robbery to the police.

Id. at 216-17, 441 S.E.2d at 343.

When the police arrested Yarborough "no weapons were found." Id. at 217, 441 S.E.2d at 343. Because the "evidence that Yarborough 'may have had' a firearm in his possession creates merely a suspicion of guilt," the Supreme Court ruled that "the evidence [did] not establish guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence." Id. at 218-19, 441 S.E.2d at 344.

The evidence in McBride's case proved that the victim saw nothing resembling a firearm. When McBride sat behind the victim, the victim merely "felt something push up against his back." The victim testified that the police found a plastic bottle at that site. After McBride tied the victim's hands, McBride moved about the store, returned to the victim, and put his hand on the victim's back. Although the victim could see McBride clearly enough to opine that McBride "look[ed] like he was panicked," the victim never saw a firearm.

The evidence in this case is less compelling than the facts proved in Yarborough. Keeping his right hand in his jacket pocket, Yarborough used his left hand to take money from the victim. The

victim saw something protruding from Yarborough's right jacket pocket, and the victim thought the protruding object she saw was a gun. See id. at 217, 441 S.E.2d at 343.

The majority concludes that the actual presence of a gun is proved from "the clear inference to be drawn from [McBride's] threat to 'shoot.'" The majority uses the same logic that was rejected by the Supreme Court in Yarborough. In improperly affirming Yarborough's conviction, this Court held that "[a]lthough no gun was found on appellant, he may have had a gun . . . at the time of the offense . . . [; thus,] it could be inferred that he had one." Yarborough v. Commonwealth, 15 Va. App. 638, 642-43, 426 S.E.2d 131, 134 (1993), rev'd, 247 Va. 215, 441 S.E.2d 342 (1994). Indeed, the Supreme Court reversed that conviction even though the jury in Yarborough had inferred from the evidence that Yarborough had a gun protruding from his right pocket.

The following language from the Supreme Court's decision in Yarborough clearly undermines the standard the majority again invokes to uphold McBride's conviction:

> [Our prior decisions] do not stand for the proposition that the Commonwealth need not prove that the defendant actually possessed a firearm. Indeed, they stand for the contrary proposition, and we reject the Attorney General's contention and the conclusion reached by the Court of Appeals.
>
> Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and

that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies. In order to convict an accused of a crime, the evidence must establish the accused's guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence. Conviction of a crime is not justified if the evidence creates only a suspicion or probability of guilt.

247 Va. at 218, 441 S.E.2d at 344 (footnote and citations omitted).

The evidence in this case failed to prove beyond a reasonable doubt the presence of a firearm. The presence of a firearm could only be found by drawing inferences from the evidence. However, the evidence also supports a reasonable inference that McBride used a plastic bottle to consummate the robbery. The victim testified that before McBride entered the store, the victim saw him carrying an item wrapped in a blanket. The item was later identified as a plastic three liter bottle. The plastic bottle was recovered by the police at the place where McBride threatened the victim and tied the victim's hands. Therefore, the Commonwealth failed to exclude the hypothesis that when McBride approached the victim from behind and threatened to shoot, he was using the bottle, not a firearm, to frighten the victim.

Finally, I believe the majority's use of the Supreme Court's unpublished disposition is fundamentally flawed. An unpublished order from the Supreme Court, though deciding the merits of the particular case in which the order was entered, has no precedential value for other cases and should not be read to change the rule of law announced in a prior published opinion. If the Supreme Court had intended to change the rule announced in Yarborough, it could have done so in a

published opinion in <u>Johnson</u> or in any number of cases that have raised this same issue and have been summarily affirmed by unpublished order.  In view of the myriad reasons the Supreme Court may have had for denying an appeal by unpublished order, I believe the majority errs in using an unpublished, summary order as a precedent for deciding this case.

For these reasons, I would hold that the trial judge erred in convicting McBride of use of a firearm in the commission of the robbery.

_____

Coleman, J., dissenting.


Although I join Judge Benton in his dissent, I write separately in order to make clear my view of the Supreme Court's holding in <u>Yarborough</u>.  As I read that holding, the Supreme Court ruled that the circumstantial evidence tending to prove Yarborough had a firearm, which consisted of his saying "this is a stickup" and an object protruding from his right-hand pocket that the victim thought was a gun, was not sufficient to overcome the direct evidence that the item was not a firearm.  The direct evidence was that Yarborough was arrested within minutes after the robbery, he had no weapon on him, and none was found in the search of the surrounding area.  Yarborough had a chilled, unopened can of beer in one of his pockets.  The fact finder could not reasonably conclude from the circumstantial evidence that Yarborough had a firearm in his pocket in view of the direct evidence that he only had a can of beer in the pocket.

Similarly, the circumstantial evidence that McBride used a firearm consisted of his telling the victim three times, "don't turn around or I'll shoot" and the victim feeling something push against his back.  The blanket and plastic bottle that were found at the scene from which McBride fled was direct evidence that the object McBride used was a bottle, not a firearm.  Accordingly, where the direct evidence was to the contrary, the fact finder could not reasonably infer from the circumstantial evidence that McBride used a firearm to commit the robbery.

_____

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk