COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


TERESA WASHINGTON

MEMORANDUM OPINION[*] BY

v.    Record No. 0568-98-1    JUDGE NELSON T. OVERTON

APRIL 6, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Russell I. Townsend, Jr., Judge

Reginald B. Frazier for appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


A judge convicted Teresa Washington on two charges of
abduction and two charges of use of a firearm in the commission
of robbery. Washington had previously pleaded guilty to two
counts of robbery. On this appeal, Washington contends that the
evidence was insufficient to prove that she used a firearm in
the commission of the robberies. We affirm the convictions.

I.

"Where the sufficiency of the evidence is challenged after
conviction, it is our duty to consider it in the light most
favorable to the Commonwealth and give it all reasonable
inferences fairly deducible therefrom." Higginbotham v.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the evidence proved that Magdelena Herrera and Patricia K. Westman were both working as clerks at a convenience store when Washington robbed them. Herrera testified that Washington approached from Herrera's back and used her right hand to lift Herrera by the collar. Washington pointed something into Herrera's back, said "this is a robbery," and commanded Herrera to walk to the bathroom. Herrera testified that whatever had been pointed into her back felt like a weapon, but that she was not sure because she was scared. Herrera could not recall Washington saying anything to Westman.

Westman was washing coffee pots in the back room when Washington appeared with Herrera. Westman testified that Washington told her to stop what she was doing or Washington would "blow [their] fucking heads off." Westman testified that Washington had something in the back of Herrera's neck, but Westman could not discern what it was. Because of Washington's comment, Westman assumed Washington had a gun. However, both Herrera and Westman testified that they never actually saw a firearm. Westman went into the bathroom with Herrera.

After her arrest, Washington made oral and written statements to the police in which she admitted robbing the store. In her oral statement, Washington denied having a gun. She did not mention a gun in her written statement. According

to Washington's statement, when Washington told Herrera that she was a robber, Herrera repeatedly said "don't shoot me." Washington told the police that as she and Herrera approached Westman, Washington responded by saying, "I'm not going to shoot you. I'm not the kind of person that comes in to blow your head off." Washington said she had her hands in Herrera's back leading her forward.

## II.

To convict a defendant of using a firearm in the commission of a felony under Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in [her] possession and that [she] used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). "[P]ossession of a firearm is an 'essential element' of the offense." McBride v. Commonwealth, 24 Va. App. 603, 606, 484 S.E.2d 165, 167 (1997) (en banc). However, the Commonwealth does not have to prove that anyone actually saw the gun, and the Commonwealth may prove by circumstantial evidence the use of a firearm. See id. at 607-08, 484 S.E.2d at 167-68. See also Elmore v. Commonwealth, 22 Va. App. 424, 429-30, 470 S.E.2d 588, 590 (1996) (finding sufficient evidence that the accused possessed a gun where he

gave the victim a note stating that he had a gun, he stated that he did not want to hurt anyone, and he pointed to his pocket).

Herrera believed that the object Washington placed at her back was a weapon.  When Herrera pleaded that Washington not shoot her, Washington did not respond that she did not have a gun.  She merely told Herrera that she would not shoot.  Furthermore, Westman testified that Washington was pointing something into the back of Herrera's neck when she threatened to "blow [their] fucking heads off."

From this evidence, the trial court could infer beyond a reasonable doubt that Washington possessed a firearm.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Washington was guilty of using a firearm in the commission of robbery.  Accordingly, we affirm the convictions.

<u>Affirmed</u>.

Benton, J., dissenting.

"[A] defendant may not be convicted for the use of a firearm under Code § 18.2-53.1 unless the evidence discloses beyond a reasonable doubt that the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm." Sprouse v. Commonwealth, 19 Va. App. 548, 551-52, 453 S.E.2d 303, 306 (1995). In Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), where the accused said "this is a stickup" and had his hand on an object protruding from his pocket that the victim believed was a firearm, the Supreme Court ruled as follows:

> The Attorney General contends that "the law does not require that a firearm actually be seen or even used in order to sustain a conviction under § 18.2-53.1" and that the evidence is sufficient to support a conviction "if the victim is made to feel that an assailant has a firearm, and reacts in response to that perception." Consistent with that contention, the Court of Appeals stated that "actual sighting of the weapon is unnecessary for a conviction under Code § 18.2-53.1." Continuing, the Court of Appeals noted that, although [the victim] saw no gun, she saw what she believed was a gun and that [the accused] "may have had a gun in his right pocket at the time of the offense."

> \*       \*       \*       \*       \*       \*       \*

> [W]e reject the Attorney General's contention and the conclusion reached by the Court of Appeals.

Code § 18.2-53.1, a penal statute, must
be strictly construed against the
Commonwealth and in favor of an accused.
When so construed, we think that, to convict
an accused of violating Code § 18.2-53.1,
the Commonwealth must prove that the accused
actually had a firearm in his possession and
that he used or attempted to use the firearm
or displayed the firearm in a threatening
manner while committing or attempting to
commit robbery or one of the other specified
felonies.  In order to convict an accused of
a crime, the evidence must establish the
accused's guilt beyond a reasonable doubt
and exclude every reasonable hypothesis of
innocence.  Conviction of a crime is not
justified if the evidence creates only a
suspicion or probability of guilt.

In the present case, evidence that [the
accused] "may have had" a firearm in his
possession creates merely a suspicion of
guilt.  Possession of a firearm is an
essential element of the statutory offense,
and the fact that [the victim] merely
thought or perceived that [the accused] was
armed is insufficient to prove that he
actually possessed a firearm.  Clearly, the
evidence does not establish guilt beyond a
reasonable doubt and exclude every
reasonable hypothesis of innocence.
Therefore, it is insufficient, as a matter
of law, to support the firearm conviction.

Id. at 217-19, 441 S.E.2d at 343-44 (footnotes and citations

omitted).

Both Herrera and Westman testified that they saw neither a

firearm nor any object that resembled a firearm.  The detective

who investigated the robbery testified that neither Herrera nor

Westman actually saw a firearm in Washington's hand.

Furthermore, when the detective interviewed Washington shortly

after the robbery, Washington confessed to committing the robbery but denied having a firearm.

Indeed, the testimony of Herrera and Westman conclusively establishes that Washington did not have a firearm. Herrera testified that Washington held her collar and picked her up using one hand. Her testimony established that Washington was pointing something in Herrera's back with her free hand. Although Westman testified on direct examination that she "saw [Washington] had her hand up there" at Herrera's neck, on cross-examination, she testified that she "did not see her actual hand." Westman also testified however, that she saw Washington's other hand (the hand Herrera said was pointing to her back) and that Washington's other hand did not hold a firearm. In response to the question, "you never saw a firearm at any time," Westman testified "No. I just assumed that she had one."

The evidence in this case failed to prove beyond a reasonable doubt the presence of a firearm because the presence of a firearm could only be found by drawing impermissible inferences from the evidence. In improperly affirming the conviction in Yarborough, this Court held that "[a]lthough no gun was found on appellant, he may have had a gun . . . at the time of the offense. . . . [F]rom the totality of the circumstances, it could be inferred that he had one."

-

Yarborough v. Commonwealth, 15 Va. App. 638, 642-43, 426 S.E.2d 131, 134 (1993), rev'd, 247 Va. 215, 441 S.E.2d 342 (1994).  The Supreme Court reversed that conviction even though the jury in Yarborough had inferred from Yarborough's statement and the object protruding from his right pocket that Yarborough had a firearm.  That inference, as in this case, was based solely on suspicious circumstances.  See 247 Va. at 218-19, 441 S.E.2d at 344.

The Commonwealth failed to exclude the hypothesis that when Washington approached the victim from behind and, according to Westman's testimony, threatened to shoot, Washington was using her hand, not a firearm, to frighten them.  Westman's testimony at trial proved that Westman saw the hand that Herrera believed held a weapon as it was pointing against Herrera's back.  Westman saw no firearm in that hand.

The mere fact that the victim merely thought or perceived that the accused was armed is insufficient to prove that he actually possessed a firearm.[1]  See id. at 219, 441 S.E.2d at

---

[1]At trial, the Commonwealth proceeded on the theory that the victim's belief that Washington had a firearm was sufficient proof.  Indeed, at the conclusion of the evidence the following discussion occurred regarding the firearm charges:

> [DEFENSE ATTORNEY]:  I have a motion.
>
> THE COURT:  Can we take them in the order I would like to hear them in?  You want to talk about the firearm first, don't you?

[DEFENSE ATTORNEY]:  Yes, sir.

THE COURT:  Did feloniously use or display a firearm in a threatening manner.  Now, first of all, I guess we don't need to get too deep into it.  Let's let the two of you educate me, and I don't mean that flippantly either.  Because there is no evidence, and I think Mr. Campbell agrees, or I will put it this way, there is not sufficient evidence that there was actually any firearm involved.

[DEFENSE ATTORNEY]:  Exactly.

THE COURT:  You may say a little bit of circumstantial evidence but not enough to say there was a firearm involved.

Now, Mr. Campbell, is the Commonwealth contending that because, let's just say for the sake of argument -- I'm not saying this is the evidence but to get to the legal point, if there was a reasonable basis say for a victim concluding that there was a firearm, we are not talking about robbery but if there is a sufficient basis for a victim concluding that a firearm was being used we all agree.  There was no firearm but there was a sufficient basis for the witness to reasonably conclude that there was a firearm and for a trier of fact to believe that the victim did, in fact, think there was a firearm involved.

Does that change this particular charge any?

[COMMONWEALTH'S ATTORNEY]:  No, Judge.  The theory the Commonwealth rests on is that the victims believed.

THE COURT:  But in the charge of a firearm -- I am not talking about robbery.

[COMMONWEALTH'S ATTORNEY]:  No, sir, not for the firearm charge.

344. The evidence regarding the object must prove beyond a reasonable doubt that it is a firearm. See id. at 218, 441 S.E.2d at 344. Moreover, when the evidence is purely circumstantial, it must exclude all reasonable hypotheses of innocence. See id. The evidence in this case establishes only a suspicion that Washington had a gun. "But a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." Bishop v. Commonwealth, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984).

For these reasons, I would reverse the convictions.

---

> THE COURT: Is there any evidence to support the firearm charge?
>
> [COMMONWEALTH'S ATTORNEY]: Yes, there is, Judge. Maybe I don't understand the Court's point.
>
> THE COURT: Maybe I am missing something.
>
> [DEFENSE ATTORNEY]: I move to strike on all the charges, Judge.
>
> THE COURT: Let's talk about the firearm. What I guess I am saying is to convict on a firearm charge do you have to prove that there actually was a firearm?
>
> [COMMONWEALTH'S ATTORNEY]: No, sir.

That argument by the Commonwealth resurrects the theory that the Supreme Court expressly rejected in Yarborough. See 247 Va. 217-18, 441 S.E.2d at 343-44.