COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


JOHN ARTHUR WILLIAMS, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 0326-00-1          JUDGE WILLIAM H. HODGES
                                         MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Verbena M. Askew, Judge

        Bryan L. Saunders for appellant.

        Thomas M. McKenna, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    The trial judge convicted John Arthur Williams, Jr. of

various offenses including two robberies and the use of a firearm

in the commission of the robberies.  Williams contends the

evidence was insufficient to prove that he used a firearm in the

commission of two robberies.  We disagree and affirm the

convictions.

                              I.

    At trial the evidence proved that on February 25, 1999,

Williams entered a grocery market owned by Chaudhry Sian and said

he wanted candy.  When Sian went behind the counter, Williams said

"give me money or I'll shoot you."  Sian testified that Williams

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

had his hand under his jacket and that "[i]t look[ed] like in his hand, was very heavy." Williams threatened to shoot Sian at least four times. Sian never saw a gun but believed that Williams' hand was holding a gun under his shirt. After Sian gave Williams money, Williams left the store.

Susan Reid testified that she was working at a bank on February 27, 1999, when Williams approached Reid's teller window. He asked for all of her hundreds and tens, and he told her that he had a gun and would "blow [her] head off." Reid testified that Williams had his hand underneath his belt. She "saw a bulge" but never saw a gun. She testified, "whether or not it was from the hand, I didn't have time to react to that." Reid gave Williams $9,560.

Detective Daniels testified that Williams confessed that he was responsible for the robberies. Williams consistently denied however, having a gun in his possession. Williams said that rather than using a gun, he used his fingers in one of the robberies and grabbed his belt buckle in another one.

At the close of the evidence the judge convicted Williams of all indicted charges including use of a firearm in the commission of each robbery. This appeal followed.

## II.

Code § 18.2-53.1 provides that it shall be a felony for a person "to use or attempt to use any . . . firearm or display such weapon in a threatening manner" while committing robbery.

-

> [T]he Commonwealth must prove that the
> accused actually had a firearm in his
> possession and that he used or attempted to
> use the firearm or displayed the firearm in
> a threatening manner while committing or
> attempting to commit robbery or one of the
> other specified felonies.  In order to
> convict an accused of a crime, the evidence
> must establish the accused's guilt beyond a
> reasonable doubt and exclude every
> reasonable hypothesis of innocence.

Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994) (footnote omitted).  "[C]ircumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm."  McBride v. Commonwealth, 24 Va. App. 603, 607, 484 S.E.2d 165, 167 (1997) (en banc).

In McBride, the accused pushed an unknown object into his victim's back and said he would "shoot" if the victim did not comply with his demands.  Although no one actually saw a gun and the accused never expressly stated that he had one, we held that "the clear inference to be drawn from his threat to 'shoot,' is that he did have a gun."  24 Va. App. at 608, 484 S.E.2d at 168.  Thus, we ruled that "circumstantial evidence, considered as a whole and viewed in the light most favorable to the Commonwealth, excluded all reasonable hypotheses of innocence and is therefore sufficient to support the trial court's finding of guilt."  Id.  Similarly, in Byers v. Commonwealth, 23 Va. App. 146, 474 S.E.2d 852 (1996), where the accused told the victim "this is a stickup," we upheld the conviction for use of a firearm in the commission of

-

robbery.  The victim felt a metal object against the back of his neck and no gun was seen.  Id. at 152, 474 S.E.2d at 854.

The evidence proved that Williams threatened to "shoot" Sian while gesturing and pointing at him with what appeared to Sian to be a heavy object.  Similarly, Williams told Reid he would "blow [her] head off" and kept his hand tucked under his belt buckle. In both instances, Williams' statements and his menacing actions provided sufficient evidence from which the trial judge could conclude beyond a reasonable doubt that Williams was guilty of using a firearm in the commission of each robbery.  Therefore, we affirm the convictions.

Affirmed.

-

Benton, J., dissenting.

For the reasons fully stated in McBride v. Commonwealth, 24 Va. App. 603, 608-11, 484 S.E.2d 165, 168-70 (1997) (Benton, J., dissenting), I would hold that the evidence only permits a mere inference that John Arthur Williams may have had a gun. That inference fails to rise to proof beyond a reasonable doubt that Williams had a gun. Each robbery victim only supposed that a gun existed because of a verbal threat and a bulge where Williams held his hand under his clothing. No gun was seen or recovered. Only by speculating can the trier of fact or we conclude that the bulge was a gun.

> [The Supreme Court's decisions] do not stand for the proposition that the Commonwealth need not prove that the defendant actually possessed a firearm. Indeed, they stand for the contrary proposition, and we reject the Attorney General's contention and the conclusion reached by the Court of Appeals.
>
> Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies. In order to convict an accused of a crime, the evidence must establish the accused's guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence. Conviction of a crime is not justified if the evidence creates only a suspicion or probability of guilt.

-

<u>Yarborough v. Commonwealth</u>, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994) (footnote and citations omitted).

In short, the circumstantial evidence of the use of a firearm in this case does not exclude every reasonable hypothesis of guilt.  Specifically, it does not exclude the reasonable hypothesis that Williams pretended to have a gun in order to frighten his victims into submitting more passively to his assaults.  Accordingly, I would reverse the convictions for use of a firearm in the commission of the robberies.