COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Retired Judge Brown[*]
Argued at Salem, Virginia


MAHTOREE L. BELL, III

                                     MEMORANDUM OPINION[**] BY
v.   Record No. 0318-02-1         JUDGE RUDOLPH BUMGARDNER, III
                                          JULY 1, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                       Johnny E. Morrison, Judge

        Joseph R. Winston, Special Appellate Counsel
        (Public Defender Commission, on briefs), for
        appellant.

        Stephen R. McCullough, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     The trial court convicted Mahtorhee L. Bell, III, of

attempted robbery, armed statutory burglary, grand larceny, two

counts of abduction, and four counts of use of a firearm in the

commission of a felony. He argues the evidence was insufficient

to prove he was armed with a deadly weapon, Code § 18.2-91,[1] and

---

[*] Retired Judge J. Howe Brown, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

[**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] "If any person commits any of the acts mentioned in
§ 18.2-90 with intent to commit larceny . . . he shall be guilty
of statutory burglary . . . which offense shall be a Class 3
felony. However, if the person was armed with a deadly weapon

that the force used to detain the victims was incidental to the force used to effect the attempted robbery.  We conclude the trial court did not err and affirm the convictions.

We view the evidence, and the reasonable inferences fairly deducible therefrom, in the light most favorable to the Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998).  Frances Cherry awoke to the sound of drawers being opened and closed in her roommate's bedroom.  She opened the door to that room and found the defendant inside.  When Cherry asked what he wanted, he demanded money.  When she told her boyfriend they were being robbed, the defendant responded, "You tell your man if he comes out of that room, I have a gun, I will shoot you."  As he spoke, he patted the side of his bulky leather jacket.  Cherry did not see a gun, but she believed he had a gun and "fear[ed] for her life."  The boyfriend heard the defendant's threat and stayed in the bedroom because "he didn't feel the need to come out and get anyone killed that day."

The defendant went to the living room where he repeated his demand for money.  He again said that he had a gun.  He forced Cherry to unplug the DVD player and then took it and a cell phone, two cell phone batteries, and a wedding ring.  Before the

---

at the time of such entry, he shall be guilty of a Class 2 felony."  Code § 18.2-91.

-

defendant would leave, he ordered Cherry into the bedroom.  Once she complied, he left the apartment.

The defendant maintains his statements that he had a gun were uncorroborated assertions and constituted the only evidence that he possessed a gun.  He argues such evidence was insufficient to show he committed statutory burglary while armed with a deadly weapon.  Code § 18.2-91.[2]

"The finder of fact is entitled to consider all of the evidence, without distinction [between circumstantial and direct evidence], in reaching its determination."  Commonwealth v. Hudson, 265 Va. 505, 512-13, 578 S.E.2d 781, 785 (2003); Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 855 (1996) (Code § 18.2-53.1).  The fact finder "determine[s] what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts."  Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976).

In Yarborough v. Commonwealth, 247 Va. 215, 216-17, 441 S.E.2d 342, 343 (1994), the defendant kept his hands in his pocket during a robbery and twice said, "this is a stick up."  The victim saw something protruding from his pocket and thought he had a gun.  When the police apprehended him shortly after the

---

[2] A firearm is a deadly weapon.  See Cox v. Commonwealth, 218 Va. 689, 691-92, 240 S.E.2d 524, 526 (1978).  Thus, if the defendant possessed a firearm, the evidence is sufficient to prove his conviction under Code § 18.2-91.

-

robbery, he had a beer can, but no firearm.  The Supreme Court reversed his conviction of using a firearm during the robbery because the evidence failed to exclude the reasonable hypothesis that the victim mistook the beer can for a weapon.

In Elmore v. Commonwealth, 22 Va. App. 424, 430, 470 S.E.2d 588, 590 (1996), the defendant gave a bank teller "a note stating that he had a 'gun,' pointed to his pocket and said that he did not want to hurt anyone."  At trial, he denied he possessed a firearm.  In affirming his conviction of using a firearm during a bank robbery, this Court distinguished Yarborough, because "the defendant's out-of-court statement admitted the existence of a 'gun.'"  Id. at 429, 470 S.E.2d at 590.  The evidence amounted to more than the victim's mere belief that the defendant was armed.

In McBride v. Commonwealth, 24 Va. App. 603, 484 S.E.2d 165 (1997) (en banc), the defendant pushed an object into the victim's back and said, "don't turn around or I'll shoot."  While the victim did not see a gun, the fact finder could infer from the defendant's threat to shoot that he had a gun.  Id. at 607-08, 484 S.E.2d at 167.  This Court affirmed the defendant's conviction of using a firearm during a robbery.  "[C]ircumstantial evidence, such as appellant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm."  Id. at 607, 484 S.E.2d at 167.

In this case, the evidence is not simply an uncorroborated assertion by the defendant that he had a gun.  As the defendant told Cherry he had a gun, he patted his pocket and threatened to shoot if the boyfriend came out of the bedroom.  As he proceeded to steal items from the living room, he repeated his assertion that he had a gun and his threat to use it.  His statements, his assertive conduct, and the circumstances surrounding them were an "implied assertion" that he had a firearm.  See Redd v. Commonwealth, 29 Va. App. 256, 258-59, 511 S.E.2d 436, 437-38 (1999) (Code § 18.2-308.2).  This case is controlled by Elmore and is distinguished from Yarborough because no reasonable hypothesis of innocence arose from this evidence.

The defendant maintains the force used to detain the two victims was no more than that necessary to accomplish the attempted robbery.  A defendant may not be convicted of both abduction and attempted robbery unless "the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of" the second offense.  Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 714 (1985) (abduction and rape).

The defendant's threat to use the gun effectively detained Cherry's boyfriend in the bedroom.  After the defendant moved to the living room, he forced Cherry to unplug the DVD player and took it and other items.  Then he ordered her back to her bedroom.  The fact finder could reasonably conclude the

-

defendant ordered the victim to the bedroom in order to avoid detection and to better his escape.  See Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992).  The acts of detaining the boyfriend and later ordering Cherry back to her room were separate and apart from the attempted robbery.  They were not inherent in or necessary to complete the attempted robbery.  Accordingly, the evidence was sufficient to prove beyond a reasonable doubt the defendant committed two acts of abduction.

The defendant also maintains that statutory burglary, Code § 18.2-91, is not encompassed within the meaning of "burglary" as used in Code § 18.2-53.1, and that he cannot be convicted of both burglary while armed with a deadly weapon and the use of a firearm during the commission of burglary.  However, he presented neither of these arguments to the trial court, and we will not consider them for the first time on appeal. Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  The record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Credible evidence supports the convictions.  Accordingly, we affirm.

Affirmed.

-

Benton, J., concurring and dissenting.

I.

I concur in the holding that issues two and three, concerning burglary, and issue five, concerning the abduction of Cherry, are procedurally defaulted and are barred from review by Rule 5A:18. I dissent from the remaining portions of the majority opinion.

II.

To convict an accused of armed statutory burglary in violation of Code § 18.2-91, the Commonwealth must prove the accused was armed with a deadly weapon. "Conviction of a crime is not justified if the evidence creates only a suspicion of guilt." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). As in every criminal case, "the evidence must establish the accused's guilt beyond a reasonable doubt." Id. For the reasons more fully stated in McBride v. Commonwealth, 24 Va. App. 603, 608-11, 484 S.E.2d 165, 168-70 (1997) (Benton, J., dissenting), I would reverse the conviction because the evidence failed to prove beyond a reasonable doubt the presence of a weapon. See also Yarborough, 247 Va. at 218-19, 441 S.E.2d at 344 (holding the "evidence that [the accused] 'may have had' a firearm in his possession creates merely a suspicion of guilt . . . [that] is insufficient to prove . . . he actually possessed a firearm").

- 7 -

III.

I would also reverse the conviction for the abduction of Hancock. The trial judge convicted Bell of attempted robbery. The principle is well established that "in cases of robbery, there usually is a detention of the victim and often a seizure." Johnson v. Commonwealth, 221 Va. 872, 878, 275 S.E.2d 592, 596 (1981). This principle applies equally to attempted robbery and brings into play the following holding:

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).

The evidence failed to prove that the detention of Hancock was "separate and apart from" the kind of restraint intrinsic in the act of attempting a robbery within the residence. "[I]n the enactment of the abduction statute the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713.

For these reasons, I would reverse the four convictions for use of a firearm while committing a felony (Code § 18.2-53.1), the conviction for armed statutory burglary (Code § 18.2-91), and the conviction for simple abduction of Hancock (Code § 18.2-47).[3]

---

[3] Although the conviction order recites that the trial judge convicted Bell of simple abduction (Code § 18.2-47), a lesser-included offense of Code § 18.2-48, and sentenced him consistent with the punishment for simple abduction, the conviction order reflects Code § 18.2-48 rather than Code § 18.2-47.