COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge McClanahan and Senior Judge Willis
Argued at Richmond, Virginia


JASON DANIEL KENDRICK

                                                    MEMORANDUM OPINION* BY
v.      Record No. 0865-05-2                 JUDGE ELIZABETH A. McCLANAHAN
                                                         JANUARY 31, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                               Catherine C. Hammond, Judge

            Theodore D. Bruns (Blackburn, Conte, Schilling & Click, P.C., on
            brief), for appellant.

            Deana A. Malek, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Jason Daniel Kendrick was convicted in a bench trial for use of a firearm during the

commission of a robbery (after pleading guilty to the robbery), in violation of Code § 18.2-53.1.

On appeal, Kendrick contends that the evidence was insufficient to sustain his conviction. For

the reasons that follow, we disagree and affirm the conviction.

                                    I.  BACKGROUND

        Where the sufficiency of the evidence is challenged on appeal, we review the evidence in

the light most favorable to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514,

578 S.E.2d 781, 786 (2003). That principle requires us to "'discard the evidence of the accused

in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable

to the Commonwealth and *all fair inferences to be drawn therefrom*.'" Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis in original and citation omitted). So

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

viewed, the evidence showed that Barbara Alawyne was working at a convenience store when Kendrick approached her at the front counter. Kendrick held one hand over his nose and mouth. His other hand was concealed beneath his shirt and tucked into his pants. Kendrick stated, "I don't want to cause any trouble, I just want the money." Alawyne asked Kendrick if he was serious, and he again repeated, "I don't want to cause any trouble, just give me your money."

When Alawyne then asked Kendrick if he had a gun, Kendrick made a muffled verbal statement. At the same time, Kendrick nodded his head up and down, as an affirmative response, and "jiggled" the hand that was tucked in his pants. Kendrick then stated, "I don't want to hurt you, I don't want to hurt anyone. . . . Just give me the money." Believing Kendrick to be armed with a gun in his concealed hand, Alawyne relinquished approximately three hundred dollars to Kendrick, who then fled. For the duration of the robbery, Kendrick kept his concealed hand beneath his clothing.

In finding Kendrick guilty of using a firearm in the commission of the robbery, the trial judge made a specific finding that, when Alawyne asked Kendrick if he had a gun, Kendrick's nonverbal response was a "gesture of yes." The trial judge further found that "more probative was the fact that at the same time he nodded, he . . . jiggled the hand that was in his pants. So in response to her question, he made a gesture with the hand that ostensibly held the firearm."

## II. ANALYSIS

"When addressing a challenge to the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004) (citation omitted). Under this standard, we ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting

Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original); see also Seaton, 42 Va. App. at 747-48, 595 S.E.2d at 13; Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

> [T]o prove the offense of use of a firearm, pursuant to Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies."

McBride v. Commonwealth, 24 Va. App. 603, 606, 484 S.E.2d 165, 167 (1997) (*en banc*) (quoting Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994)). While possession of a firearm is thus an "'essential element'" of the offense, "[c]ircumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm." Id. at 606-07, 484 S.E.2d at 167 (quoting Yarborough, 247 Va. at 219, 441 S.E.2d at 344).

Here, not only did Kendrick represent that he had a gun by nodding his head up and down in a "gesture of yes" when Alawyne specifically asked him if he had a gun; but he also gestured at that time with his concealed hand, by "jiggl[ing]" it. In addition, from Kendrick's statement to Alawyne that he "didn't want to hurt [her]," he "just wanted the money," the trial court could have reasonably inferred that Kendrick was threatening to hurt Alawyne if she did not hand over the money to him. See Elmore v. Commonwealth, 22 Va. App. 424, 470 S.E.2d 588 (1996) (affirming defendant's conviction for use of a firearm in commission of a bank robbery where defendant gave bank teller a note stating that he had a gun, then said he did not want to hurt anyone and pointed to his pocket); Powell v. Commonwealth, 268 Va. 233, 602 S.E.2d 119 (2004) (affirming defendant's conviction for use of a firearm in the commission of a clothing store robbery where defendant stated that he had a gun in his pocket, told the employees not to move and no one would get hurt, and kept his left hand in his pocket the entire time).

The circumstantial evidence, considered as a whole and viewed in the light most favorable to the Commonwealth, was sufficient to prove beyond a reasonable doubt that Kendrick possessed a firearm and used it in a threatening way in the commission of the robbery.

## III.  CONCLUSION

For these reasons, we affirm Kendrick's conviction.

Affirmed.
