# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

MARY RYAN V. MARYLAND CASUALTY COMPANY.

KATHERINE RYAN V. MARYLAND CASUALTY COMPANY.

HELEN J. FELTHAUS V. MARYLAND CASUALTY COMPANY.

June 12, 1939.

Record Nos. 2039, 2040, 2041.

Present, All the Justices.

The opinion states the case.

*Parrish, Butcher & Parrish, Edward L. Ryan* and *James W. Gordon,* for the plaintiffs in error.

*Sinnott & May* and *V. P. Randolph, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiffs in error challenge the action of the trial court in entering final judgment against them in favor of the Maryland Casualty Company, defendant in error. They were occupants of an automobile owned and operated by Katherine Ryan, which collided with an automobile owned by James W. Hannabass, and driven at the time of the col-

lision by his fourteen year old son, Cardwell Hannabass. As a result of the impact, the three plaintiffs were injured.

Failing in a settlement of the damages sustained, they brought separate actions against the defendants, James W. and Cardwell Hannabass. The sole ground of liability against the father was sought under the provisions of section 2154 (190) of the Code, which gives a cause of action against the owner of an automobile who knowingly permits a minor under the age of sixteen years (who cannot obtain a driving permit under the provisions of the automobile act) to drive an automobile upon the highway.

The trial of the case of Mary Ryan against the defendants resulted in a judgment in her favor in the sum of $1500. The judgment against James W. Hannabass was reversed by this court on the sole ground that Cardwell Hannabass was not operating the automobile in violation of the provisions of the act in so far as the rights and liability of the owner were concerned. *Hannabass* v. *Ryan,* 164 Va. 519, 180 S. E. 416. Thereafter, each of the other plaintiffs obtained judgments in the sums of $1500 against Cardwell Hannabass. The executions issued against him were returned "No effects," and thereupon, the present plaintiffs brought their actions at law against the defendant, to recover the amount of the judgments under the provisions of a policy of insurance issued by defendant to James W. Hannabass.

The pertinent clause of the policy is as follows:

"The insurance provided by the policy is hereby made available in the same manner and under the same conditions as it is available to the named assured to any person operating and/or to any other person while riding in and/or to any other person, firm, or corporation legally responsible for the operation of any of the automobiles described in the statements, provided the use and operation thereof is with the permission of the named assured, or if the named assured be an individual, with the permission of an adult member of the named assured's household, other than a chauffeur or domestic servant."

By agreement, the cases were consolidated and a trial by jury was had. At the conclusion of the introduction of plaintiffs' evidence, the court sustained the motion of the defendant to strike out the plaintiffs' evidence, and a verdict in favor of the defendant was returned by the jury.

It is assigned as error that the court erred in striking out the plaintiffs' evidence.

It is conceded by the defendant in error that the sole question in issue is whether or not, at the time of the accident, Cardwell Hannabass had the permission of James W. Hannabass, or an adult member of his household, to drive the automobile involved.

The evidence of the plaintiffs, which was stricken out by the trial court, establishes the following facts: That James W. Hannabass owned two automobiles, one of which was used exclusively by his family; that he gave his written consent for the issuance of an operator's license to Cardwell Hannabass; that in the application it was stated that Cardwell intended to use the car of James W. Hannabass; that Cardwell drove the car frequently; that the car was kept in the garage or driveway with the keys in it; that James W. Hannabass maintained a charge account at a local garage and that gas was purchased at least once a week by his sons; that he never refused Cardwell permission to drive the automobile except when it was otherwise engaged; that in the statement in regard to the accident (furnished the defendant by Cardwell Hannabass) no reference was made by him to his lack of permission to drive the automobile; that this statement was witnessed by James W. Hannabass; that the original disclaimer of liability by the defendant was not based upon lack of permission of Cardwell to drive the automobile; and that the first denial of permission to Cardwell was made by James W. Hannabass after the action for damages had been brought against him.

In an effort to show specifically that permission had been granted Cardwell to drive the automobile on the day of the accident, plaintiffs introduced James W. Hannabass as a

witness. Hannabass denied that such permission had been granted. Thereupon, pursuant to the provision of section 6215 of the Code, plaintiffs were permitted to contradict this statement by introducing as a witness, Griffin, a police officer, and John A. Ryan, Jr., who testified that Hannabass stated to them that Cardwell did have his permission to drive the automobile on the day in question.

Opposed to the case presented by the plaintiffs is the statement of James W. and Cardwell Hannabass that Cardwell did not have the required permission.

In sustaining defendant's motion to strike out the evidence of plaintiffs, the trial court said:

"Several of the facts proved by the plaintiffs might be sufficient for an inference to be drawn that there was permission. It might possibly amount to an evidential presumption, but there is a well recognized principle or rule that presumptions disappear when facts appear. Two witnesses introduced by the plaintiffs have testified positively that Cardwell Hannabass did not have permission to drive the car. In view of that positive testimony the presumptions that would otherwise arise disappear and are not sufficient to make out a case for the plaintiffs. The Court feels that it must grant the motion to strike the plaintiffs' testimony."

In our opinion the error in the ruling of the trial court lies in the failure to distinguish between an inference, a presumption and circumstantial evidence.

In Webster's New International Dictionary an inference is thus defined: "That which is inferred; a truth or proposition drawn from another which is admitted or supposed to be true; a conclusion, a deduction."

In Anderson's Dictionary of Law we read: "Presumption. Next to positive is circumstantial evidence, or the doctrine of presumptions. When a fact cannot itself be demonstrated, that which comes nearest to proof of it is proof of the circumstances necessarily, or usually, attending it: this proof creates a presumption, which is relied upon until the contrary is established."

A concrete example of the application of the doctrine of inference and presumption is found in *Sydnor & Hundley* v. *Bonifant,* 158 Va. 703, 164 S. E. 403, 404. In that case it is said:

"Though some courts have held to the contrary, the present majority rule is that in an action for injuries caused by the negligent operation of an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a *prima facie* case for the plaintiff; in other words from proof of the defendant's ownership a rebuttable presumption or inference arises that at the time of the injuries the automobile was being operated by the defendant's servant or agent or someone under his control, and that the relation of master and servant therefore existed between them."

■ "Circumstantial evidence is proof of a series of other facts than the fact in issue, which by experience have been found so associated with that fact, that, in the relation of cause and effect, they lead to a satisfactory and certain conclusion." *Commonwealth* v. *Webster,* 5 Cush. (Mass.) 295, 310, 52 Am. Dec. 711; Shaw, C. J.

■ There is no doubt that resort to circumstantial evidence in a civil case may be had to sustain the *allegata* of liability as is done in a criminal case to sustain the *allegata* of guilt of the accused.

■ In the case at bar we find a concrete example of the application of the rule relating to circumstantial evidence. The fact that two witnesses testified that Cardwell Hannabass did not have permission to drive the automobile does not of itself conclude the case against the plaintiffs. It was the province of the jury to pass upon the credibility of the witnesses in view of the circumstances shown in the proof, and in further view of the direct contradiction of the testimony of James W. Hannabass.

■ So far as we are advised, there is no rule of law which requires that unimpeached circumstantial evidence, however strong, must inevitably yield to the oral testimony

of a witness who has been contradicted upon a material matter.

In *Ferris* v. *Sterling*, 214 N. Y. 249, 108 N. E. 406, 407, Ann. Cas. 1916D, 1161, Mr. Justice Cardozo, dealing with a situation somewhat similar to the one here dealt with, had this to say: "The license number of the car, coupled with evidence that the defendant held the license, was *prima facie* proof that the defendant was the owner. It was more than that; it was *prima facie* proof that the custodian of the car was then engaged in the owner's service. * * * 'The property being proved to belong to the defendant, * * * a presumption arises that it was in his use for his benefit, and on his account.' This presumption was not destroyed as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him if credited, the question whether it should be credited was one of fact for the jury."

In *Duncan* v. *Carson*, 127 Va. 306, 103 S. E. 665, 105 S. E. 62, and in *Watson* v. *Coles*, 170 Va. 141, 195 S. E. 506, this court held that the credibility of a witness, when made an issue, is a question for the jury.

In *Landry* v. *Oversen*, 187 Iowa 284, 174 N. W. 255, 257, which case is cited with approval in *Sydnor & Hundley* v. *Bonifant, supra,* the court dealt with a situation involving circumstantial evidence. Though the defendant denied in positive terms that his minor daughter had his permission to drive the automobile at the time the injuries were inflicted upon the plaintiff, the court held that whether the daughter, under the facts and circumstances shown, "was operating the automobile with her father's consent, express or implied, was fairly for the jury to determine."

For the error committed by the trial court in striking out the evidence of the plaintiffs, the judgments entered against them will be reversed and annulled and the case will be remanded for a new trial.

*Reversed.*