COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


MICHAEL AUGUSTUS BYERS
                                                  OPINION BY
v.          Record No. 1241-95-1    JUDGE ROSEMARIE ANNUNZIATA
                                               SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Alfred W. Whitehurst, Judge

          Rex V. Sparks (Kenneth E. Hildebrand, on
          brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Appellant, Michael Augustus Byers, was convicted of two

counts of robbery and two counts of use of a firearm in the

commission of robbery.  Appellant contends the evidence was

insufficient to sustain one of the firearm convictions under Code

§ 18.2-53.1.  We disagree and affirm the conviction.

                                I.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

     On April 21, 1993, at approximately 4:05 a.m., taxicab

driver Christopher Rodgers (Rodgers) was dispatched to pick up an

individual.  Rodgers, unable to locate the specific address given

to him by the dispatcher, was approached by appellant, and

appellant indicated that he had called the cab.  Appellant entered the cab and directed Rodgers to pull up to a house two doors away.  Appellant told Rodgers that he was waiting for a friend to come out of the house and that he wanted Rodgers to take them to their destination.  After waiting about two or three minutes, Rodgers suggested that he blow the cab's horn to signal the person inside the house.  Appellant answered, "No, that's all right, that's all right."  A few seconds later, appellant added, "You know this is a stickup, don't you?"  Rodgers "kind of looked over [his] shoulder and [asked] what?"  Appellant repeated, "This is a stickup.  Don't look back, I['ll] butt you in the head, you know."  At the same time, Rodgers felt a metal object against the back of his neck, and he testified that he "figured [the metal object] was a gun."  When asked whether he actually saw a gun, Rodgers responded, "No, I didn't see a gun."  Another cab driver, Michael Ezeigbo, testified that at approximately 5:40 a.m. on April 14, 1993, appellant and some accomplices robbed him at gunpoint after calling and requesting a cab.

II.

Code § 18.2-53.1 provides, in part:
> It shall be unlawful for any person to use or
> attempt to use any . . . firearm or display
> such weapon in a threatening manner while
> committing or attempting to commit . . .
> robbery . . . .

To convict an accused under this statute, "the Commonwealth must prove that the accused actually had a firearm in his possession

and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994) (footnote omitted).  Possession of a firearm is an "essential element" of the offense, and the fact that a victim merely thinks or perceives that the accused was armed is insufficient to prove actual possession.  Id. at 219, 441 S.E.2d at 344.

Contrary to the dissent's suggestion, we do not hold that Yarborough does not require the evidence to show an accused "`actually' used a gun to consummate the crime."  Rather, in reliance on Yarborough, we hold that proof of "actual" possession of a firearm under Code § 18.2-53.1 may be established by circumstantial evidence, direct evidence, or both.  See id. at 216-19, 441 S.E.2d at 343-44 (circumstantial evidence that accused actually possessed firearm insufficient to establish guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence).  See also McBride v. Commonwealth, __ Va. App. __, __, __ S.E.2d __, __ (1996) (circumstantial evidence sufficient to support conviction).

"Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred."  1 Charles E. Friend, The Law of Evidence in Virginia § 12-1 (4th ed. 1993); see also Ryan v. Maryland

Casualty Co., 173 Va. 57, 62, 3 S.E.2d 416, 418 (1939) (citation ommitted) ("Circumstantial evidence is proof of a series of other facts than the fact in issue, which by experience have been found so associated with that fact, that, in the relation of cause and effect, they lead to a satisfactory and certain conclusion"). Direct evidence, on the other hand, is "[e]vidence that directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact." Black's Law Dictionary 460 (6th ed. 1990).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984). "[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, `all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted); see also Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994). However, the Commonwealth "`is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable

doubt.'"  <u>Cantrell v. Commonwealth</u>, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (quoting <u>Bridgeman v. Commonwealth</u>, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)).  "The hypotheses which the prosecution must reasonably exclude are those `which flow from the evidence itself, and not from the imagination of defendant's counsel.'"  <u>Id.</u> at 289-90, 373 S.E.2d at 338-39 (quoting <u>Black v. Commonwealth</u>, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)).

In <u>Yarborough</u>, the victim testified to seeing "something protruding" from Yarborough's jacket pocket during the incident, which Yarborough called a "stickup."  247 Va. at 216-17, 441 S.E.2d at 343.  Although the victim believed Yarborough had a gun in his pocket, she never saw or felt a firearm.  <u>Id.</u>  Yarborough never stated he had a gun, and the police found no firearm in Yarborough's possession, although they later found an unopened can of beer in his jacket pocket.  <u>Id.</u>

The issue on appeal to the Supreme Court was whether the circumstantial evidence that Yarborough actually possessed a firearm was sufficient to prove his guilt beyond a reasonable doubt.  In the absence of testimony that a firearm was actually seen, and in light of the hypothesis that the victim could have mistaken the beer can for a firearm, the Court found that the evidence "create[d] merely a suspicion of guilt," which clearly failed to "exclude every reasonable hypothesis of innocence." <u>Id.</u> at 218-19, 441 S.E.2d at 344.  Accordingly, the Court

reversed the conviction.  Id. at 219, 441 S.E.2d at 344.

Here, the evidence established that (1) appellant twice told Rodgers, "this is a stickup"; (2) appellant threatened to "butt" Rodgers in the head if Rodgers turned around; (3) Rodgers felt a metal object which he thought was a gun against the back of his neck; and (4) appellant took part in a similar robbery a week before in which a firearm was used.  In light of this evidence, the trial court, as trier of fact, could reasonably have inferred that appellant "actually" possessed a firearm while robbing Rodgers.

Determining whether an alternative explanation is a "reasonable hypothesis of innocence" is a question of fact. Cantrell, 7 Va. App. at 290, 373 S.E.2d at 339.  Based on familiar principles, this Court does not substitute its own judgment for that of the trier of fact.  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Here, the trial court found no alternative hypothesis which could reasonably explain that the metal object appellant possessed while robbing Rodgers was anything but a firearm.  We cannot say the trial court's finding is plainly wrong or without support in the record.  Unlike Yarborough, where the Supreme

Court found that the circumstantial evidence of guilt clearly failed to exclude the reasonable hypothesis that the victim mistook the can of beer the police found in defendant's pocket for a firearm, we find no reasonable, innocent hypothesis in this case.

Having concluded that the evidence is sufficient to support the finding beyond a reasonable doubt that appellant "actually" possessed a firearm, we find the evidence clearly supports the finding that appellant "used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery."  See Yarborough, 247 Va. at 218, 441 S.E.2d at 344.

Accordingly, appellant's conviction is affirmed.

Affirmed.

Baker, J., dissenting.

While finding it difficult to disagree with the rationale of the majority, I find it more difficult to hold that Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), does not require that the evidence must show that the accused "actually" used a gun to consummate the crime. In Yarborough, the victim testified that the robber said "this is a stickup," while holding his hand on something that caused the victim to believe that Yarborough had a gun. Holding that this evidence was insufficient to sustain Yarborough's conviction under Code § 18.2-53.1, the Supreme Court stated, "we reject . . . the conclusion reached by the Court of Appeals" that "'actual sighting of the weapon is unnecessary for a conviction under Code § 18.2-53.1.'" Id. at 217-18, 441 S.E.2d at 343-44 (emphasis added).

> Thereafter, the Court said:
> Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.

Id. at 218, 441 S.E.2d at 344 (footnote omitted) (emphasis added) (citations omitted).

If a writ is sought in this case and the Supreme Court

refuses to grant it, I will concede that circumstantial evidence may be sufficient to prove "the actual sighting" required by that Court in <u>Yarborough</u>.  However, until then, I am of the opinion that this case must be reversed and dismissed for want of evidence to support the conviction.