COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


HOWARD NOWELL, JR.

                                     MEMORANDUM OPINION[*] BY
v.          Record No. 0887-96-1      JUDGE RICHARD S. BRAY
                                         APRIL 8, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Marc Jacobson, Judge

            Jon M. Babineau (Doyle & Babineau, on brief),
            for appellant.

            Kimberley A. Whittle, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Howard Nowell, Jr. (defendant) was convicted in a bench

trial of two counts of robbery and one related use of a firearm

in the commission of a robbery.  On appeal, defendant challenges

the sufficiency of the evidence to prove the firearm offense.

Finding no error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Code § 18.2-53.1 declares it "unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery." Conviction requires "proof of 'actual' possession of a firearm," which "may be established by circumstantial evidence, direct evidence, or both." Byers v. Commonwealth, 23 Va. App. 146, 150, 474 S.E.2d 852, 854 (1996); see Yarborough v. Commonwealth, 247 Va. 215, 216-19, 441 S.E.2d 342, 343-44 (1994).

Here, Gerald Davenport, an eyewitness to the offense, testified that defendant withdrew "a gun," which "looked like a revolver," "halfway out" of his pocket. On cross-examination, Davenport added, "I saw a firearm. I saw a gun. . . . I saw a black gun. I mean, how much more do you want me to explain?" Davenport's inability to recall a "sight mount," "hammer or . . . trigger" on the weapon does not render his testimony incredible. As we noted in Wilson v. Commonwealth, 19 Va. App. 535, 537, 452

- 2 -

S.E.2d 884, 885 (1995), such direct evidence, if believed by the fact finder, is alone sufficient to prove beyond a reasonable doubt that defendant actually possessed a firearm.

Moreover, Davenport's testimony was corroborated by Teresa Foster, also present in the store during the offense. Foster observed defendant in possession of an object with a "brown handle," which "looked like a corner of a gun." Shortly after the robbery, Foster saw defendant firing a gun in the store parking lot. Foster and Davenport both testified that when defendant again robbed the store several days later, he had a bulge in his pocket and stated that he had a gun. See Byers, 23 Va. App. at 152, 474 S.E.2d at 855; Elmore v. Commonwealth, 22 Va. App. 424, 430, 470 S.E.2d 588, 590 (1996)

Accordingly, we affirm the conviction.

Affirmed.