COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


HENRY EDWARD GARDNER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1244-97-2         JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 5, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
                     Richard S. Blanton, Judge

          (Robert H. Gray, Jr., on brief), for
          appellant.  Appellant submitting on brief.

          Robert H. Anderson, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Appellant, Henry Edward Gardner, appeals his conviction of

possession, while an inmate confined in a state correctional

facility, of an instrument not authorized by the Superintendent

which was capable of causing death or bodily harm in violation of

Code § 53.1-203.  He alleges that the evidence presented at trial

was insufficient to support his conviction.  Finding no error, we

affirm.

     We confine our statement of the facts to those relevant to

the issue on appeal.  The facts and all reasonable inferences

fairly deducible from them are stated in the light most favorable

to the Commonwealth, the party prevailing below.  Traverso v.

Commonwealth, 6 Va. App. 172, 176, 355 S.E.2d 719, 721 (1988).

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant was confined as an inmate at the Buckingham Correctional Center on January 1, 1996. On that date, appellant and another inmate, Richard Nahwooksky, walked together toward appellant's cell. As they walked up a stairwell which Nahwooksky described as one of the "blind spots [at the facility] where the police can't really see," appellant kicked a bag and, upon opening it, found that it contained a knife. Appellant picked up the knife with the intention of turning it over to prison authorities so that he might receive a "time cut or get some extra good time" credited against his prison sentence.

Shortly after appellant returned to his cell, Officer G.T. Scott conducted a routine "shakedown" of appellant's cell. Scott observed appellant drop something down into his pants as he approached the defendant's cell. Upon searching the appellant, Scott discovered the knife hidden under appellant's pants. When Scott discovered the knife, appellant gave no explanation about his possession of the knife or his intentions with regard to it.

Appellant contends that the Commonwealth failed to prove his possession of the knife was unauthorized as required by statute.[1] We disagree.

---

[1]Section 53.1-203 provides in relevant part:

> It shall be unlawful for a prisoner in a state, local or community correctional facility or in the custody of an employee thereof to:
>
> *    *    *    *    *    *    *
>
> 4.  Make, procure, secrete, or have in

The elements of the crime for which the appellant was convicted may be proved by direct or circumstantial evidence. See Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983) ("Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."). When circumstantial evidence is relied upon to establish guilt, all reasonable hypotheses of innocence must be excluded. Byers v. Commonwealth, 23 Va. App. 146, 152, 474 S.E.2d 852, 854 (1996) (citing Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987)). While no witness for the Commonwealth expressly testified that the knife appellant possessed was unauthorized by the superintendent, the circumstantial evidence in the case was sufficient to sustain the conviction beyond a reasonable doubt.

The following evidence presented by the appellant in the case at bar, and the reasonable inferences it raises, establishes that the possession of the knife was unauthorized: (1) appellant acknowledged that he picked up the knife and kept it for the purposes of being credited "good time"; (2) he explained his reason for picking the knife up stating that "prison is violent . . . . It's not a good thing to just leave things like

---

his possession a knife, instrument, tool or other thing not authorized by the superintendent or sheriff which is capable of causing death or bodily injury.

this there,"; and (3) he explained his reason for not immediately turning the knife over to prison officials as "You don't rat on somebody for anything."  This evidence raises the reasonable inference that appellant's possession of the knife was unauthorized and in violation of prison rules.

In addition, the Commonwealth's evidence supports the clear inference that appellant's possession of the knife was unauthorized.  Appellant attempted to conceal the knife in his pants when he was approached by Officer Scott who was about to conduct a shakedown search of his cell.  Upon finding the knife, Scott put it into a bag for confiscated items.  Finally, Nahwooksky testified that when appellant took and kept the knife with the stated intention of getting a "time cut," Nahwooksky tried to persuade appellant to "leave it alone," noting there was "no telling what's happening with this knife."  Nahwooksky also gave the following explanation of the basis upon which an inmate's request for a time cut would be considered:

> Usually when an inmate says they are going to try to get a time cut, they find . . . a weapon or they know some type of knowledge about something that seriously is going to hurt somebody or involve the security matter in the institution.

(Emphasis added).

Finally, during closing argument defense counsel substantially conceded the point when he argued:  "[The Commonwealth's Attorney] rightfully says if you look at the instruction about what it does take to prove the case, it looks

-4-

like they've got it, A, B, and C, inmate, had a weapon, not authorized, capable of causing harm.  That's there.  It's there.  I can't blink it away.  I can't pretend like it's not there." (Emphasis added).  Accordingly, we affirm appellant's conviction.

Affirmed.
