COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


BARRY WILLIE McCAIN
                                    MEMORANDUM OPINION* BY
v.    Record No. 1789-99-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        MAY 9, 2000
COMMONWEALTH OF VIRGINIA
 AND CITY OF DANVILLE


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

              S. Jane Chittom, Appellate Counsel (Public
              Defender Commission, on briefs), for
              appellant.

              Amy L. Marshall, Assistant Attorney General
              (Mark L. Earley, Attorney General, on
              brief), for appellees.


     Barry Willie McCain (appellant) was convicted in a bench

trial of driving under the influence of alcohol, in violation of

Code § 18.2-266, and driving after having been declared an

habitual offender, second offense, in violation of Code

§ 46.2-357.  On appeal, he argues that:  (1) the evidence was

insufficient to prove that he was the operator of the car; and

(2) the trial court erred in limiting his cross-examination of

the officer.  For the following reasons, we affirm.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Viewed in this light, the evidence established that on February 11, 1999, Sundi Parrish (Parrish) was at home when she heard a "squallin' of tires and a big boom." She looked out the front door and found a brown Camaro in the yard and the appellant lying on the ground about ten feet from the "driver's side" of the car. Parrish also witnessed "another gentleman

-

comin' from the passenger side, and gettin' out of the driver's side of the car."  When Parrish asked appellant if she should call 911, he said no and instead asked her not to call the police.

Prior to the accident, Jason Vaughn (Vaughn) was driving his car when he heard tires squeal and observed a brown Camaro swerve in the road, skid, and come to a stop in an adjacent yard.  Vaughn proceeded down the street to a nearby market to call the police.  When he returned to the scene of the accident, he saw appellant "sittin' on the driver side of his car . . . with his legs out, on the side."  Vaughn noticed that appellant had "some lacerations, but appeared to be okay."  Although he did not see "the face of the driver" when the accident occurred, Vaughn identified appellant as the man sitting in the driver's seat of the car when he returned from calling the police.

Officer T.B. Scearce (Scearce) arrived at the scene approximately fifteen minutes later.  He testified that the car was damaged on the left side and that appellant had minor injuries on the left side of his body.  Upon investigation, Scearce learned that the vehicle was registered in the name of appellant's father, Willie McCain.

Appellant was charged with driving under the influence of alcohol and driving after having been declared an habitual offender, second offense.  During the Commonwealth's case, appellant moved to dismiss the DUI charge, arguing that the

-

officer did not have probable cause to arrest appellant as the driver of the car. The trial court denied appellant's motion, stating the following:

> I think the evidence points to the defendant as the driver. Ms. Parrish came out of the house as soon as the collision or accident occurred, and she testified to what she saw. It had just happened. She saw the passenger crawl out of the car, as well as the defendant lying on the ground. Mr. Vaughn testified he observed the defendant as the driver of the car, and saw it go off the road and wreck. I think that . . . the testimony of those two people, as well as the other evidence adduced is sufficient.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence, arguing that the Commonwealth failed to prove that he was the "driver" of the car. The trial court denied the motion, and appellant did not present evidence. The trial court convicted appellant of the offenses charged.

## II.

Appellant contends that the evidence was insufficient to convict him of both driving offenses because no witness directly identified him as the driver of the car. He argues that the trial court mistakenly concluded that Vaughn observed him driving the car. Appellant concludes that the evidence was entirely circumstantial and did not exclude every reasonable hypothesis of innocence (i.e., that the other occupant was driving the car at the time of the accident).

-

"'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 855 (1996) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Id. (quoting Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987)). However, the Commonwealth "'is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)). "The hypotheses which the prosecution must reasonably exclude are those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" Id. at 289-90, 373 S.E.2d at 338-39 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)).

Viewed in the light most favorable to the Commonwealth, the evidence, although circumstantial, was sufficient to prove that

-

appellant was the driver of the car.  Immediately after Parrish

heard the squealing of the tires and a loud boom, she observed

appellant lying on the ground on the driver's side of the car.

At that time, Parrish also observed the other occupant climb

"from the front passenger side of the vehicle" and "exit [from]

the driver's side door."  Additionally, when Vaughn, the second

witness, arrived at the scene appellant was sitting in the

driver's seat with his legs out the side door.  Moreover,

appellant sustained injuries to the left side of his body, which

were consistent with the damage to only the driver's side of the

car.  The other occupant did not sustain any injuries.  Finally,

the vehicle was registered in the name of appellant's father.

The Commonwealth's evidence, including the testimony of the

two witnesses and the nature of appellant's injuries and damage

to the left side of the car, was competent, was not inherently

incredible and was sufficient to prove beyond a reasonable doubt

that appellant was the driver of the car.[1]

---

[1] In determining whether the evidence is sufficient to
support the conviction, we do not consider the trial court's
mischaracterization of Vaughn's testimony that "he observed the
defendant as the driver of the car."  We consider only the
sufficiency of the circumstantial evidence supporting the court's
finding that appellant was the driver.  Appellant's counsel did
not object to the mischaracterization, which would have given the
trial judge an opportunity to explain whether he misunderstood or
was drawing that conclusion from Vaughn's observations of the
vehicle and observing appellant seated in the driver's seat when
he returned.  In any event, the issue of the judge's
mischaracterization is not before us on appeal.  See Rule 5A:18.

-

Additionally, appellant's argument that the trial court improperly limited his cross-examination of Officer Scearce is procedurally barred.  "It is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible."  Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997) (en banc).  Because the record failed to contain the proffer, we are unable to consider this question on appeal.  Accordingly, appellant's convictions are affirmed.

Affirmed.

-