COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


DAVID S. BUTCHEE

MEMORANDUM OPINION* BY

v.    Record No. 3050-99-1      JUDGE JAMES W. BENTON, JR.

FEBRUARY 13, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

Michael J. Lutke (Office of the Public
Defender, on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


A jury convicted David S. Butchee of robbery and the use of a firearm during the commission of a robbery in violation of Code §§ 18.2-58 and 18.2-53.1, respectively. Butchee contends the evidence was insufficient to support the convictions. We disagree and affirm the convictions.

I.

The evidence proved that during the morning of November 24, 1997, someone stole a white Jeep Cherokee vehicle from a residence in the City of Virginia Beach. At 8:00 p.m. that night, Sergeant Gerald Wayne Lloyd of the Stafford County Sheriff's Office

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

received a report concerning the stolen vehicle. Shortly after receiving the report, Lloyd saw Butchee putting gas into the vehicle in Stafford County. When Lloyd attempted to speak with Butchee, Butchee ran. After Lloyd apprehended Butchee, Lloyd searched the vehicle and found a stainless steel handgun.

Lloyd testified that Butchee said he had stolen the vehicle from the residence in Virginia Beach. Butchee also said "he didn't know about the gun." During his testimony, Lloyd identified two photographs of Butchee that were taken after his arrest. The photographs show Butchee wearing a hooded sweatshirt with lettering. Although the letters are not distinct in the photograph, Lloyd testified that Butchee was wearing a gray sweatshirt with the words "Penn State."

The evidence also proved that at approximately 3:00 p.m. on November 24, a man entered a post office in the City of Franklin, demanded money from Joseph E. Edwards, Jr., a postal clerk, and placed a gun on the counter pointing at Edwards. After Edwards gave the man "a handful of twenty-dollar-bills," the man left the bank. Edwards alerted co-workers to the robbery and then exited the post office with a co-worker to see where the man went. Edwards saw the man "open the front door and get in and back up" a white Jeep Cherokee. Edwards and his co-worker testified that the vehicle the man drove was similar to a photograph of the vehicle which Butchee stole earlier that day in Virginia Beach.

-

Edwards testified that he focused on the gun and could not identify the man who robbed him. He testified that the "silver colored gun" the robber used was similar to the gun recovered from the vehicle after Butchee was arrested. He also testified that the robber wore "a hooded sweatshirt with the hood pulled up" and also wore "dark gloves with the fingers cut out of them." Edwards saw a part of the robber's face, could not see his hair, and knew the robber was a black male. He did not notice lettering on the sweatshirt.

Jessica Tillett, an employee at a bank in Franklin, testified that a man in a "white hooded Penn State sweatshirt . . . [and] cutoff black gloves" came into the bank after 1:00 p.m. that afternoon. Tillett identified a photograph of that man taken from the bank surveillance camera. The photograph, which is in evidence, depicts a man wearing a hooded sweatshirt, which has the lettering "Penn State," and wearing a glove with the finger material cut off. Tillett testified that the bank is located one block from the post office.

Robert J. Ferguson saw a man in Franklin that same afternoon wearing a gray, hooded sweatshirt with a college logo that included the word "State." Between 12:00 and 1:00 p.m., the man was standing in the vicinity of the post office near a white Jeep Cherokee, which Ferguson testified was identical to the one Butchee stole in Virginia Beach. Vernon Babb also saw this man near the Jeep Cherokee. Both Ferguson and Babb identified the man

-

in the bank surveillance camera photograph as the man they saw standing by the Jeep Cherokee.  Ferguson and Babb also testified that at approximately 3:00 p.m. the Jeep Cherokee departed the area "mighty fast" and "squalling tires."  They did not see the driver.

A detective testified that he questioned Butchee several months after the robbery.  Butchee denied both that he had robbed the post office and that he knew where Franklin was located.  Later, after the detective showed Butchee the photograph from the bank surveillance tape, Butchee asked where the detective had gotten the photograph of him.  Butchee then admitted that he had been in Franklin on the day of the robbery and explained that he had gone into the bank to ask for directions to the highway.

The jury convicted Butchee of robbery and of using a firearm in the commission of that robbery.  The trial judge sentenced Butchee according to the jury's verdict to 30 years in prison for the robbery and 3 years in prison for the use of the firearm.

## II.

Butchee challenges the sufficiency of the evidence identifying him as the perpetrator of the robbery.  He contends that the Commonwealth did not meet its burden of proving identity beyond a reasonable doubt because no one could identify him as the robber.  He argues that although he may have had clothing, a gun, and a vehicle similar to those of the robber, the jury speculated to conclude that he was that robber.

-

"'Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred.'"  Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 854 (1996) (citation omitted). Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.  Id.

> Where the Commonwealth relies upon circumstantial evidence to establish guilt, the chain of circumstances must be unbroken and the evidence, as a whole, must be sufficient to satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other reasonable hypothesis and to a moral certainty.

Comer v. Commonwealth, 211 Va. 246, 249, 176 S.E.2d 432, 434 (1970).

The evidence proved that Butchee was in Franklin shortly before the robbery.  After initially denying that he knew where Franklin was located, Butchee told the detective he was in Franklin and identified his photograph from the bank's camera. His statement and the other evidence, thus, proved that Butchee was in the bank less than two hours before the robbery.  He was wearing a hooded sweatshirt with the lettering "Penn State" and gloves with the finger material cut off.  He matched the physical description of the robber; he wore clothing similar to

-

the robber; and he drove a vehicle identical to that of the robber.

Moreover, two witnesses identified the man who was beside and in a white Jeep Cherokee in the vicinity of the post office as the same man photographed in the bank on the day of the robbery. Thus, the evidence proved Butchee was by the vehicle and in the vicinity of the post office in downtown Franklin at the approximate time of the robbery. No evidence proved that any other person was at or in the Jeep Cherokee with Butchee.

The postal clerk testified that the robber was wearing a gray hooded sweatshirt and black gloves with the finger material cut off. He saw the robber enter the driver's seat of the Jeep Cherokee and drive away. Butchee was the only person seen in or near the vehicle in Franklin, and he was the only person in it when he was arrested.

The jury was entitled to infer from the postal clerk's description of the robber and of the robber's escape in the white Jeep Cherokee that the robber was the same individual seen by the other witnesses who testified. The jury also was entitled to infer from Ferguson and Babb's testimony that Butchee was the person standing around the Jeep Cherokee on the day of the robbery and that Butchee left "mighty fast" at 3:00 p.m. in that vehicle. The jury viewed a photograph of Butchee in the bank and the photographs of Butchee taken after his arrest. Those photographs are clear and depict the same man

-

with a hooded sweatshirt.  In addition, the jury was entitled to infer from the evidence that the gun in Butchee's possession when he was arrested was the same gun used in the robbery.  The jury was also entitled to infer from Butchee's initial denials of being in Franklin and possessing the gun that he was trying to avoid prosecution for the robbery.  See Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) (holding that a defendant's false statements permit an inference he is trying to conceal his guilt).

As in Harward v. Commonwealth, 5 Va. App. 468, 364 S.E.2d 511 (1988), and Comer, the jury convicted the accused without a clear identification by the victim.  As in those cases, Butchee wore clothing similar to the perpetrator of the crime and possessed items, in this case the Jeep Cherokee and a gun, which the robber would have had.  This evidence, in combination with Butchee's presence in Franklin, provides an adequate basis for the jury to find beyond a reasonable doubt that Butchee was the robber.

For these reasons, we affirm the convictions below.

Affirmed.

-