COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and AtLee
Argued at Richmond, Virginia

UNPUBLISHED

CALVIN CARDALE TOWNES

v.      Record No. 0885-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
MARCH 13, 2018

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Kyle Anderson for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

On November 21, 2016, Calvin Cardale Townes ("appellant") was convicted of

unlawfully and feloniously possessing and transporting a firearm after being convicted of a

violent felony in violation of Code § 18.2-308.2(A) and of eluding police in violation of Code

§ 46.2-817(B).  Appellant appeals both convictions, alleging that the trial court erred "by

denying Townes's request to withdraw his waiver of his right to be tried by a jury."  He also

challenges the conviction of possession of a firearm by a violent felon by arguing that the

evidence was not sufficient for that conviction.

I. BACKGROUND

A. Pre-trial Proceedings

On August 26, 2016, the parties appeared before the trial court to set appellant's case for

trial.  At the hearing, appellant's counsel requested a bench trial on behalf of his client.  The trial

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

judge addressed appellant directly in order to confirm that appellant wanted to waive his right to a trial by jury and to ensure that appellant understood this waiver.[1]

Appellant's trial commenced on November 21, 2016. Before trial began, appellant's counsel alerted the court that appellant wanted to make two motions – a motion for new counsel and a motion for a continuance. Appellant's counsel explained that the basis for the motions was the Commonwealth's late production of lab results for the DNA analysis on the firearm that appellant was charged with possessing. When asked to clarify how the late production resulted in a request for new counsel, appellant's attorney stated, "To the best of my knowledge, I think

---

[1] The trial court and appellant engaged in the following colloquy:

> THE COURT: Mr. Townes, it is the Court's understanding that you have discussed this matter with your attorney, and that you wish to be tried before the bench which means that the judge sitting on that day will decide your guilt or innocence; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that you have a right to have these charges tried before a jury of your peers sitting in the jury box. It would be 12 people making that determination as to whether your [sic] guilty or innocent versus a judge making that same decision.
>     Do you wish to give up your right to a trial by jury and proceed with a bench trial, or would you rather have a jury trial?
>
> THE DEFENDANT: Yeah, I can give it up.
>
> THE COURT: All right. And you are making this decision under your own free will after having the opportunity to discuss it with counsel?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. For the record, Mr. Townes is waiving his right to or giving up his right to a trial by jury.

that – he [appellant] tells me that he's entitled to any attorney that he wishes to have representing him. I presume that he has lost faith in my ability to represent him."

The trial court requested to hear directly from appellant, who told the court, "Well, it don't feel like he [appellant's counsel] represent me to the best ability" based on his "coming down there trying to get me to take a plea. I ain't trying to take no plea." The trial judge explained to appellant that his attorney was required to inform him of any offered plea deals, and, therefore, that reason alone was insufficient to warrant a change of counsel. Seeking further information, the trial judge asked, "So, what's the problem with him telling you about the plea?" In response, appellant stated, "I didn't want no bench. I want a jury. So, I don't want to try to move forward on the bench." The judge asked appellant if he recalled having given up his right to a jury trial, to which appellant responded, "I don't know." The trial court reviewed the record and informed appellant that he had waived his right to a trial by jury on August 26, 2016.

After informing appellant of the waiver, the trial judge asked if the Commonwealth and appellant's counsel were prepared to proceed. Both responded that they were prepared. The trial court told appellant, "Okay. Mr. Townes, the Court does not feel that you've given an adequate reason for, either, a continuance or withdraw[al] of counsel, so both motions are denied." After appellant was arraigned and pled not guilty, the trial judge stated, "All right, and, sir, you have previously waived your right, or given up your right, to a trial by jury so we will proceed with a bench trial today as requested back on August 26th." The trial judge then immediately asked, "Defense counsel ready to proceed?" Appellant's trial counsel responded, "Yes, Your Honor," and voiced no objections.

## B. Evidence Presented at Trial

We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 502 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).  So viewed, the evidence at trial showed that on February 2, 2016, at 8:30 or 9:30 p.m., Virginia State Police Trooper Brandon Crockwell ("Trooper Crockwell" or "Crockwell") was traveling on Fairfield Way in the City of Richmond when he noticed a Ford Fusion traveling without its headlights illuminated.  Trooper Crockwell activated his lights and siren, at which point the Ford Fusion accelerated and proceeded through a red light without braking.  Crockwell continued to pursue the vehicle until the driver attempted to make a right turn too quickly, causing the vehicle to hit a curb and disabling it.

At that point, Trooper Crockwell witnessed appellant exit the driver's side of the vehicle and begin running up a nearby alley.  Crockwell observed that appellant's left hand swung naturally as he ran, but his right arm stayed in front of him by his waistline.  Crockwell pursued appellant, and commanded him to stop.  Appellant fell twice during Crockwell's pursuit.  After appellant's second fall, Crockwell noticed appellant starting to reach toward his waistline.  These movements made Crockwell concerned that appellant was reaching for a weapon.  However, Crockwell could tell "that whatever he [appellant] was looking for it wasn't there anymore . . . ."

After appellant was handcuffed and placed in a police vehicle, Crockwell retraced appellant's steps.  When he reached the top of an incline, where appellant fell the first time, Crockwell found a loaded firearm sitting on top of a pile of leaves.  Although the leaves were muddy from an earlier rain, Crockwell noticed that the gun was clean, dry, and warm to the touch.  Crockwell also testified that he found the gun approximately five minutes after appellant was apprehended and that the area was clear of people, except for police officers.

In support of the firearm charge, the Commonwealth offered a copy of appellant's prior felony conviction.  It also offered the gun recovered by Trooper Crockwell and a copy of the

certificate of analysis for the DNA testing performed on the gun.  The certificate showed that no DNA sample could be obtained from the gun.  Appellant presented no evidence.

The trial court found appellant guilty of both charges.  With respect to the charge for possession of a firearm by a violent felon, the trial court noted that the case against appellant was circumstantial, and stated:

> The circumstances are that a gun was found in close proximity to where you were right on the trail and that gun happened to be still warm and dry, and I think that the conditions were such that if that gun had been there a while it would have been wet and cold.

Appellant was sentenced on March 2, 2017.  This appeal followed.

## II. ANALYSIS

### A.  Appellant's Waiver of His Right to a Jury Trial

The Commonwealth argues that appellant failed to preserve this assignment of error for appeal.  We agree.  Appellant failed to present the trial court with a motion to withdraw his jury trial waiver, preventing the trial court from having the opportunity to adequately consider and rule on any motion to withdraw his waiver.  Furthermore, although given the opportunity to make such a motion (or at least raise that issue), appellant's counsel failed to notify the trial court that appellant wanted to make a motion to withdraw his jury trial waiver and failed to object to proceeding with a bench trial.

Rule 5A:18 provides, in relevant part, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The rule strives to ensure 'the trial court has an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'"  Commonwealth v. Bass, 292 Va. 19, 26, 786 S.E.2d 165, 169 (2016) (quoting Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 188 (2010)).

In this case, appellant made no motion to withdraw his waiver of his right to a trial by jury. Appellant's counsel informed the trial court that appellant had two motions to present to the trial court – a motion for new counsel and a motion to continue. He briefly explained that these motions were the result of the Commonwealth's late production of the lab results on the firearm and appellant's loss of faith in his attorney's ability to represent him. Appellant's trial counsel did not move the trial court to withdraw appellant's waiver of his right to a jury trial, nor did he mention appellant's revived interest in a jury trial.

After the exchange with appellant's trial counsel, the trial judge turned to appellant for additional information, and asked, "The Court understands you have a motion for a new attorney?" When appellant responded affirmatively, the trial judge asked appellant to explain the basis for his motion. Appellant told the court that he was upset that his attorney tried to get him to take a plea. It was only after the trial judge explained that relaying the offer of a plea deal was an inadequate basis for appellant's motion for new counsel that appellant mentioned a second reason for his motion for new counsel – his lack of desire for a bench trial.[2] Thus, appellant was offering his dissatisfaction with the planned bench trial as a basis for his motion for new counsel – not as a separate motion to be considered independently by the trial court. As a result of appellant's failure to make the trial court aware of the true nature of his request (i.e., if he truly now wanted to withdraw his jury trial waiver) and his counsel's failure to make a motion to withdraw the waiver, the trial court never had "an opportunity to rule intelligently on the issues presented." Bass, 292 Va. at 26, 786 S.E.2d at 169 (quoting Brown, 279 Va. at 217, 688 S.E.2d at 188).

_____

[2] The attorney representing appellant on November 21, 2016 was the same counsel representing appellant when he waived his right to a jury trial on August 26, 2016. The trial court confirmed this information during the course of the proceeding.

Furthermore, it appears from the record that the trial court understood that appellant's statements regarding the bench trial were being offered as support for his motion for new counsel. After determining that appellant's counsel and the Commonwealth were prepared to proceed, the trial court ruled that appellant had failed to give "an adequate reason for, either, a continuance or withdraw[al] of counsel, so both motions are denied." Unlike on the motion to continue and the motion for new counsel, the trial court made no express ruling regarding any supposed motion to withdraw a jury trial waiver, indicating that the trial court also believed that appellant's statements about preferring a jury trial to a bench trial were given as another reason for his motion for new counsel – not as a separate, independent motion.

Finally, if appellant had intended his statements to be a request to withdraw his jury trial waiver, appellant's counsel had the opportunity to properly put the trial court on notice of such a motion. However, appellant's counsel failed to present that motion – or to object to proceeding with the bench trial. The trial judge asked appellant's counsel on two occasions if he was prepared to proceed with the bench trial after appellant addressed the court. On neither occasion did appellant's counsel explain that appellant was seeking to withdraw his waiver of a jury trial or object to the trial judge's decision to proceed with a bench trial in light of appellant's statements. On the second occasion, the trial judge had just finished explaining that appellant had waived his right to a jury, and, therefore, they would "proceed with the bench trial today as was requested back on August 26th." The trial judge then asked appellant's counsel if he was prepared to proceed. Appellant's counsel responded, "Yes, Your Honor" – without objecting or arguing that appellant was moving to withdraw his waiver. As a result of this failure to properly alert the trial court that appellant apparently may have wished to withdraw his jury trial waiver, we find that appellant failed to preserve this assignment of error for our review, as required by Rule 5A:18.

B.  Sufficiency of the Evidence on Appellant's Conviction for Possession of a Firearm

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "We must instead ask whether '*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*'"  Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

Appellant contends that the evidence was insufficient to support his conviction because there was no DNA evidence linking him to the firearm, and Trooper Crockwell did not see appellant throw or drop the firearm.  Appellant claims that the fact that Trooper Crockwell recovered the firearm from an area near where appellant fell is insufficient to establish that appellant actually possessed the firearm recovered that night.

A conviction for possession of a firearm may be made based on circumstantial evidence.  See generally Commonwealth v. Hudson, 265 Va. 505, 512-13, 578 S.E.2d 781, 785 (2003).  Cf. Byers v. Commonwealth, 23 Va. App. 146, 150, 474 S.E.2d 852, 854 (1996) (holding "that proof of 'actual' possession of a firearm under Code § 18.2-53.1 may be established by circumstantial evidence, direct evidence, or both").  "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"  Ervin v. Commonwealth, 57

Va. App. 495, 505, 704 S.E.2d 135, 140 (2011) (*en banc*) (quoting <u>Stamper v. Commonwealth</u>, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979)).

When viewing the evidence in the light most favorable to the Commonwealth, as we must because the Commonwealth prevailed below, the circumstantial evidence in this case supports appellant's conviction. The firearm was found close to where appellant fell when he was being pursued. Trooper Crockwell testified that the firearm was warm to the touch, which is consistent with its having just been held close to appellant's body. It was also dry and clean, suggesting that it had been dropped recently – after the earlier rain. Trooper Crockwell testified that there were no other individuals in the area who could have dropped the weapon. In addition, Trooper Crockwell's observations about appellant's hand near his waist while running – and reaching toward his waistband when he was finally stopped – were consistent with appellant's possession of a firearm. Considering the totality of the circumstances, we cannot say that no rational factfinder could have concluded that appellant possessed the firearm the police located that evening near to where appellant fell. Therefore, we hold that the trial court did not err.

III. CONCLUSION

Appellant failed to preserve his first assignment of error pursuant to Rule 5A:18. Appellant never presented the trial court with a motion to withdraw appellant's earlier waiver of his right to a jury trial. Although appellant expressed a desire for a jury trial, that statement was made in the context of why he was dissatisfied with his counsel and in support of his motion for new counsel – not as a new, independent motion to withdraw his earlier jury trial waiver. If appellant had intended to make a motion to withdraw his waiver of his right to a jury trial, appellant's counsel had two opportunities either to present this motion to the trial court – or to object to the trial court's pronouncement that it would proceed with the bench trial. However, on both occasions, appellant's counsel only confirmed that he was prepared to proceed with the bench trial.

Furthermore, based on the totality of the circumstances, we cannot say that no rational factfinder could have found that appellant possessed the firearm found by Trooper Crockwell. The gun was located very near the spot where appellant fell; it appeared to have been dropped recently as it was clean, dry, and warm to the touch, as opposed to its surroundings; and appellant's actions while fleeing were consistent with those of an individual holding a gun at his waist. For all of these reasons, we not only affirm appellant's conviction for eluding police but also affirm his conviction for possession of a firearm by a violent felon.

<u>Affirmed.</u>