# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Shawn Michael R.,**
**Petitioner Below, Petitioner**

**FILED**

**January 29, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)**     **No. 15-0024** (Jackson County 13-C-154)

**Mark Williamson, Warden,**
**Denmar Correctional Center**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shawn Michael R.,[1] pro se, appeals the order of the Circuit Court of Jackson County, entered on December 11, 2014, denying his petition for a writ of habeas corpus. Mark Williamson, Warden, Denmar Correctional Center,[2] by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on three counts of sexual assault in the first degree and three counts of sexual abuse by a person in a position of trust to a child. The victim in all counts was T.T. who was the minor granddaughter of his girlfriend. At the time he was indicted, petitioner had a previous conviction for sexual abuse in the first degree from 1998. Following a pretrial *McGinnis*

---

[1]Consistent with our practice in cases involving sensitive facts, we use only petitioner's first name and last initial, and identify the minor victim only by her initials. *See State ex rel. W.Va. Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2]Due to petitioner's transfer, the "person having immediate custody" of him has changed and has been substituted as the respondent. *See* W.Va. Code § 53-4A-5.

1

hearing,[3] the circuit court determined that evidence of that prior bad act would be admissible at any trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence to show petitioner's lustful disposition towards children. *See* Syl. Pt. 2, *State v. Edward Charles L.*, 183 W.Va. 641, 643, 398 S.E.2d 123, 125 (1990). Petitioner also faced the possibility that, following a subsequent conviction, the State would file recidivist charges against him to enhance his sentence pursuant to West Virginia Code § 61-11-18. On the advice of counsel, petitioner entered into a plea agreement under which he pled guilty to one count of sexual abuse in the first degree and one count of sexual assault in the third degree. In exchange, the State forewent filing recidivist charges against him. The circuit court accepted petitioner's guilty pleas and sentenced him to a total of six to thirty years of incarceration and to fifty years of supervised release.

On December 20, 2013, petitioner filed a petition for a writ of habeas corpus. The circuit court appointed habeas counsel and set an omnibus hearing for November 7, 2014. At the start of the hearing, habeas counsel stated that evidence would be presented only on two claims: that trial counsel forced petitioner into agreeing to a plea bargain and that trial counsel failed to file a motion for reduction of sentence as instructed by petitioner. Petitioner testified in support of his claims. Then, respondent presented the testimony of both trial counsel, Kevin Postalwait and Poncho Morris. Attorney Postalwait explained his reasoning for encouraging petitioner to agree to a plea bargain: (1) the Rule 404(b) evidence was ruled admissible; (2) the defense's motion to have the minor victim evaluated for competency was denied; (3) the victim T.T. was going to testify at trial; (4) a child sexual abuse expert was going to testify that based on her evaluation of T.T., T.T.'s statements were consistent with those of a sexually abused child; and (5) petitioner was facing recidivist charges. Both Attorney Postalwait and Attorney Morris testified that they did not force petitioner into accepting the plea agreement and that petitioner never instructed them to file a motion for reduction of sentence. Attorney Postalwait testified that if petitioner had given such an instruction, Attorney Postalwait would have filed the motion because he filed a motion for reduction of sentence on petitioner's behalf in an unrelated case. Attorney Postalwait further testified that there would have been a very low probability that petitioner's sentence in the instant case would be reduced.

At the end of the hearing, the circuit court determined that petitioner's grounds for relief were insufficient to grant habeas relief for the following reasons. First, assuming, arguendo, that petitioner directed trial counsel to file a motion for reduction of sentence, the circuit court found that their failure to do so did not prejudice petitioner given the facts and circumstances of the instant case. Second, regarding petitioner's other claim, the circuit court ruled, as follows:

> Here on page 26 of the [plea hearing transcript], the question was asked of [petitioner], "Has anybody applied pressure or intimidation or coercion to you that's causing you to plead guilty against your free will?" Answer, "No, Your Honor." And then the next question, "Can you assure me that you're agreeing to plead guilty based on your plea agreement and that it is a voluntary decision by you and you alone?" And the answer is, "yes."

---

[3]*See State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

2

That, together with the testimony of the lawyers, results in a finding that [petitioner has] not carried his burden of proof to prove by a preponderance of the evidence that his guilty plea was involuntarily made and entered and that he was coerced into pleading guilty.

The circuit court entered its order denying petitioner's habeas petition on December 11, 2014.

Petitioner appeals the circuit court's denial of habeas relief. We review a circuit court's order denying a habeas petition pursuant to the following standard:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, petitioner argues the same two claims he presented to the circuit court: that trial counsel forced petitioner into agreeing to a plea bargain and that trial counsel failed to file a motion for reduction of sentence as instructed by petitioner. Respondent counters that the circuit court correctly rejected those grounds and denied petitioner's habeas petition.

Regarding the first claim, the circuit court accepted, arguendo, petitioner's assertion that he directed trial counsel to file a motion for reduction of sentence, but found that their failure to do so did not prejudice him. We note that the same judge who denied relief in petitioner's habeas proceeding presided in his criminal case; therefore, the judge knew whether he would have favorably viewed a motion to reduce petitioner's sentence. *See State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997) (trial judge is sufficiently familiar with underlying proceedings to determine most habeas issues without extensive evidence). Therefore, we determine that the circuit court did not clearly err in finding this claim without merit on the basis that even if a motion for reduction of sentence was filed, it would have not changed the result of petitioner's criminal case.

Regarding the second claim, the circuit court credited both the testimony of trial counsel at the habeas hearing and petitioner's own testimony from the plea hearing in determining that petitioner voluntarily entered his guilty pleas and was not coerced into doing so by counsel. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995); *see also State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465

3

S.E.2d 416, 429 (1995) ("In cases where there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld."). Therefore, we determine that the circuit court did not clearly err in finding that this claim was also without merit. We conclude that the circuit court did not abuse its discretion in denying petitioner's petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 29, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II